UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **GAVIN HOWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 7:23-cv-658-ACA |
| | ) |
| **ALABAMA LAW ENFORCEMENT** | ) |
| **AGENCY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Currently before the court is Plaintiff Gavin Howard's amended complaint, which he filed after the court identified deficiencies that made his original complaint subject to dismissal under 28 U.S.C. § 1915(e). (Doc. 7; *see also* doc. 6). Because the amended complaint remains subject to dismissal, the court **WILL DISMISS** the complaint **WITH PREJUDICE** for failure to state a claim.

**I.   BACKGROUND**

Mr. Howard is proceeding *pro se* and *in forma pauperis*. When a plaintiff proceeds *in forma pauperis*, the court is obligated to review the complaint and dismiss it *sua sponte* if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissals under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).

"[T]o survive [a Rule 12(b)(6) motion to dismiss,] a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (cleaned up). For a claim to be plausible on its face, it must include "enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Id.* (quotation marks omitted). Although the court construes pleadings by unrepresented parties liberally, *see Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), the court will not "rewrite an otherwise deficient pleading to sustain an action," *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Mr. Howard filed his amended complaint after the court ordered him to replead his allegations. (*See* doc. 6). Mr. Howard used the court's *pro se* general complaint for a civil case. (*See generally* doc. 7).

Like Mr. Howard's previous complaint, the allegations in his amended complaint are somewhat disjointed and difficult to follow. (*Compare* doc. 6 at 3, *and* doc. 4, *with* doc. 7). As best the court can decipher, Mr. Howard alleges that in 2017, a "data breach" occurred which caused either a release of Mr. Howard's personal information or inaccurate information to become associated with his identity. (Doc. 7 at 5, 8–13). The data breach caused Mr. Howard's personal information to be released on a local law enforcement office's website. (*Id.* at 12).

2

Mr. Howard alleges that this data breach caused him to become homeless and jobless. (*Id*.).

Mr. Howard asserts that various defendants violated criminal statutes related to cybersecurity and identity theft. (*See id*. at 8, 10, 12–13). He further asserts that various defendants violated his right to due process and equal protection under the Fourteenth Amendment as well as the rights guaranteed to him in the Bill of Rights. (*E.g.*, doc. 7 at 8–10, 12–13). Mr. Howard requests, among other relief, over $20 million in damages, "all legal rights to everything that was used fraudulently," recovery of his lost assets, and for the defendants to correct the information associated with his identity. (*Id*. at 5).

## II.  DISCUSSION

First, Mr. Howard alleges that various defendants violated criminal statutes related to cybersecurity and identity theft. (*See* doc. 7 at 8, 10, 12–13). But the sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies. *Cf. Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.").[1] Accordingly, the court **WILL DISMISS** claims seeking relief under Title 18 for failure to state a claim.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Second, Mr. Howard has not alleged a factual basis for his remaining claims. When the court ordered Mr. Howard to replead his claims, the court observed that Mr. Howard had not alleged a factual basis for some of his claims against the defendants. (Doc. 6 at 6). The court instructed Mr. Howard to clearly set forth the facts concerning any incident about which he complains in separately numbered paragraphs. (*Id*. at 8).

Mr. Howard now alleges that various defendants violated his right to due process and equal protection under the Fourteenth Amendment as well as the Bill of Rights. (*E.g.*, doc. 7 at 8–10, 12–13). But he does not allege sufficient factual matter that connects these alleged violations to a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation marks omitted). Accordingly, the court **WILL DISMISS** all remaining claims for failure to state a claim.

The Eleventh Circuit does not "require[e] district courts to endure endless" pleading practice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018); *cf. Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). The rule in this Circuit is that a district court must first advise a *pro se* plaintiff "of his complaint's deficiency and give[] him the opportunity to amend" his pleading "before the court dismisse[s the complaint] with prejudice." *Woldeab*,

4

885 F.3d at 1292. The court did so, and Mr. Howard's amended complaint continues to be deficient. Consistent with the Eleventh Circuit's guidance, the court will not give Mr. Howard another opportunity to replead his claims.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court **WILL DISMISS** this case **WITH PREJUDICE** for failure to state a claim. The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 23, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE